May it please the Court, my name is Brian Kidwell and it is my privilege to represent the appellant Roy Arrieta in this matter. I was surprised actually to see the case scheduled for oral argument inasmuch as neither appellant nor appellee requested opportunity to present oral argument, but here we are and because the time is limited I will begin my argument without further prefatory comments. I would first like to address what I submit is the central holding of the Bankruptcy Court's memorandum, decision and order from which this appeal has been taken and I will henceforth refer to that order as the MDO. The key holding in the MDO is that appellant's Proof of Claim No. 11 did not assert claims for unliquidated personal injury torts. However, insofar as Proof of Claim 11 asserted claims of physical battery and sexual assault constituting the tort of battery, that conclusion is not merely erroneous. It is, to be perfectly frank, ridiculous. So counsel, how does claim 11 differ from claim 7? Don't they both relate to the time that your client and the debtor lived together? They do in fact both relate to the time that they lived together. So the commonality is parties and time frame, but they depart completely in all other respects. The claims asserted in Proof of Claim 7 are claims for property torts conversion and the claims in Proof of Claim 11 are for personal injury torts resulting in physical and or psychological injuries to the person of the claimant. So they are completely different. One question I had, counsel, the Bankruptcy Court in the MDO characterized the claim, claim 11, as being a claim for a mental condition. What standard of review do you think we apply? Do we have the ability to review the claim ourself and decide how it should be characterized? De Novo, you referred to clearly erroneous. Was it a factual finding that we review for clearly erroneous? Do you have thoughts on that? Well, it is in fact a mixed question, fact and law in my opinion. She is saying as a matter of fact that somehow or other psychological damages, because they were alleged, that changed the character of the claim. And as a matter of law, she is saying it removed it from the scope of personal injury torts. There is actually no case law supporting that conclusion. The fact that some of the damages that result from a physical battery may be psychological doesn't by some kind of alchemy transmute the underlying claim into something that the court calls a, the Bankruptcy Court called a mental health condition that somehow divorced from the assaultive behavior that caused it. There is another way to look at this, though, if you leave aside whether it is a personal injury tort, which is a first impression issue in the Eighth Circuit and why we thought it would be helpful to us to have oral argument. The other way to look at this is lay that aside for a minute. The judge ruled it, ruled the objection to claim based on legal grounds, res judicata judicial estoppel. What is there in Section 157 of Title 28 that prevents a Bankruptcy Court from making those initial rulings as a matter of law, as a gatekeeping function? I will answer that question very directly and in a manner that might otherwise be unhelpful to my position. There is nothing. That is permitted. Case law permits that. The problem and the error committed by the Bankruptcy Court is that neither judicial estoppel nor res judicata are applicable under the controlling law and facts of this case. When I was looking at the res judicata part of the opinion, I question is there a final order? We know that the claim is deemed allowed, but other than not having a paper order, and there are some cases that say in some circumstances deemed allowed is a final judgment for purposes of res judicata. Do you have any other argument as to why that would not be a final judgment? Yes, Your Honor, and that's the applicable case law interpreting that term of final judgment. I don't believe that the Bankruptcy Court cited any case that says deemed allowance alone suffices. The case law also says that the matter has to have been judicially determined in a final order on the merits. None of those things are true in this case. That's simply incorrect for the Bankruptcy Court to have interpreted a matter that was settled without the entry of a court order and convert that into a final order on the merits of the case. It was not, and I don't believe she cited, the judge cited any cases that so hold. The judge cited a res judicata case I think that applied underlying Iowa law, but this isn't a diversity case. I guess my question would be what standard, if we assume it was appropriate for the bankruptcy judge to consider res judicata, what standard applies? She was finding a bankruptcy claim as a final judgment. Is that a federal common law of res judicata? Is it something else? Your Honor, I think that the Eighth Circuit Court of Appeals decision in Skyline Woods Country Club, LLC, and that's at 431BR830, it's the Eighth Circuit BAP decision in 2010, sets the standards. And I do think that in applying those standards, the question of whether there was a court of competent jurisdiction and a prior judgment final on the merits, I think those are federal questions of law that this Court can and should revisit to know law. Can I go back to the personal injury tort issue which you started with? Right. There are three approaches that courts take, a narrow view, a broader view, a hybrid view. Are you advocating for any one of those three approaches for the Eighth Circuit to adopt in determining whether something is a personal injury tort? In this case, no, Your Honor. It was striking to me that the bankruptcy court first of all acknowledged that the bankruptcy code does not define personal injury, secondly admitted that the Supreme Court has not weighed in on the definition of that term, and that the court was convinced that, and I'm looking for my notes here, that the court was convinced that by the bankruptcy level decisions that held that a physical injury tort was required. But then she cited a string cite, five cases, six cases from five jurisdictions, and Your Honor, in the, in a footnote in the case, I would review every single one of those decisions, and in each they embraced the idea that as long as the psychological injuries at issue go beyond mere humiliation or shame, they satisfy the standard. We're dealing here with an allegation of a man who spent three years before this proof claim was filed in almost weekly counseling, who suffered from insomnia, suicidal ideation. So counsel, let me ask you this then. So claim, claim seven, you said those claims sounded in tort, the unjust enrichment and conversion. So why not include all of the tort claims in that claim that was originally filed? There's two answers to that. The first is the practical and the second is the legal. The practical answer is that the initial proof of claim was filed by the debtor pro se. He didn't understand that he also had this other claim, and I didn't understand it until I spent a lot of time talking to him, a lot of time talking to his therapist, a lot of time reviewing three years of counseling records. I didn't understand that he had that claim. So that's the practical answer. But the legal answer is there is no requirement, there is no compulsion of a party who asserts a claim to also assert claims against the same party that don't arise out of the same nucleus of operative facts, and that's going to become a central issue. I don't think these claims do arise out of the same. They resided together and they are the same parties, but these are fundamentally different claims that were asserted. But I guess part of my issue with that is there was such a lack of time, such a long time in between when the two claims were filed. In fact, it's a tardily filed claim after the claims bar date, and in fact you said in your brief that it only made economic sense to engage counsel to represent him in filing proof of claim 11 after it became aware that the debtor had excess of $200,000 in non-exempt property. I guess I find that somewhat disingenuous if he had these claims, why did he wait so long to assert them? Certainly the Chapter 7 trustee had set a claims bar date and believed that there was going to be funds available. First of all, Your Honor, I don't believe that those two things necessarily are true. I spent 10 years on the panel of trustees, and sometimes on the possibility that there is going to be funds, you ask the court to send out a notice to file claims and set a claims bar date. I don't believe at the inception of this case the Chapter 7 trustee had any serious expectation that there were going to be any significant funds, and in fact the record I believe in this case shows that there hasn't yet been until the amendment, the belated disclosure of ownership of a quarter million dollars interest in real estate in Wisconsin that was initially undisclosed. That was a game changer, and that prompted our filing of a proof of claim, which otherwise would have been a futile exercise. So you believe the Chapter 7 trustee set a claims bar date just because she thought it might be. I, too, served on the panel before I went on the bench, and I guess I didn't set a proof of claim bar date unless I was certain there were going to be some funds available. Well, I think you're probably right there, Your Honor. The idea that there might be some funds, schedules probably had, I don't remember, probably had, you know, some modest amounts of non-exempt property. But that didn't warrant the engagement of counsel to file a claim as complicated as proof of claim number 11 until it became apparent that there were going to be very substantial non-exempt funds available. So you're asking us to reverse. What would happen then? Your Honor, I believe that what should happen, number one, is a reversal. The bankruptcy court's order, I believe, cannot be affirmed. And once that happens, I believe if the debtor wishes to persist, and she may, in pursuing an objection to this proof of claim after the MDO is reversed, then she needs to do so in the appropriate form, which is district court, as set forth in the provisions of 28 U.S.C., and as a matter of constitutional law. This is a claim as to which a right of jury trial will apply. And if the court agrees with my assessment that neither judicial estoppel nor res judicata warrant disallowance of the claim, the claim is going to stand, it's going to have to be objected to in the proper form, and that would be district court. If I say I'm running out of time, and I was going to reserve a brief period of time, I would like to say just very quickly, because I haven't had a chance to cover it in any detail, as to the issue of res judicata, I would refer the Court to the arguments made at pages 25 to 28 of Propellant's brief. Again, there was no final judgment on the merits. The same claims were not asserted, and the invocation of res judicata was simply improper. Likewise, judicial estoppel, the invocation of that doctrine, equitable doctrine, is based upon the false premise that the debtor had, or that Mr. Arrieta had admitted to committing domestic abuse. I know you're eating into your rebuttal time, and we'll give you a little bit of time on your rebuttal, but I do need to ask, is it improper for the bankruptcy judge to raise res judicata and judicial estoppel on her own? You didn't really argue that. I didn't argue that. It seems to me you're arguing that now. No. I'm expressing some frustration with the fact that I had to compete against my competent opposing counsel and a judge on this matter. But a judge, in issuing a decision, certainly is entitled to explore other arguments to support the conclusion the judge is determined to reach. Just as the judge in this case was entitled to go searching through the criminal court records and then take judicial notice of matters that were not before the Court, it's not improper. They're public records. So to answer your question directly, no. There's no impropriety, notwithstanding the fact that I didn't really like it. So counsel, while we're talking about the other orders, the one order that was in the record, which was the NCO order, was it wrong for the bankruptcy court to interrogate the court and interpret that order saying that respondent does not object to an order for protection and understands that the order will be enforced as if there was an admission or finding of domestic abuse? Was it wrong for the bankruptcy court to assume it sounds like there was some domestic abuse going on? It is absolutely wrong, Your Honor. The trial court in the family law matter had the opportunity to check the box on that order that said that there were acts of domestic abuse committed. And the language that she quoted to, paragraph 4B of the subject order, says as if there had been an admission. She made a leap that's not justified by the record at all. It's clearly erroneous and it should be reversed. Thank you, counsel. Thank you. Mr. Tim, you may proceed. May it please the Court, good morning. I'm Scott Tim, representing the debtor in this case, Shannon Smith. I first want to respond to the question that was raised by the judge the contention that the resolution of Claim 7 was not a basis to bring in res judicata, the various other issues that the judge brought in, in response to Claim 11 being filed. I know that Mr. Kidwell has cited case law regarding the requirement that there be the entry of final judgment. That's the part that I disagree with in the context of claim litigation. When Claim 7 was initially filed, it was for a little over $59,000. It was a hodgepodge of different claims with receipts that would give an accountant a nightmare to sort through. So we objected to that. There were then two subsequent amendments to that claim. There were two hearings before Judge Tonneby over a period of three months. No one could argue that either side was deprived of an opportunity to either present the necessary facts or argue the necessary law for the judge to make a decision. And she made her decision and decided some of the issues. They were final. And we had this list of other issues, and that's when the order for mediation was entered. When Mr. Kidwell and I were scheduling that, working with the mediator, we were also talking about a resolution agreeing to settle the remaining issues not decided by Judge Tonneby. And we did. And the agreement was that the claim would be reduced by approximately $50,000 down to $9,000. So the agreement was if you amend your claim again for that amount, excuse me, Ms. Smith would withdraw her objection, which is what happened. Well, Mr. Tim, I still have an issue with that because Section 502J provides that a claim that has been allowed or disallowed may be reconsidered for cause. So here, unlike some of the other cases that have found an allowed claim to be a final judgment for purposes of res judicata, the final distribution has not been made. The case is not closed. So how do you reconcile those cases with here where there hasn't been a final distribution? Could this claim be reconsidered at some point? I think the claim is deemed allowed when the objection is withdrawn. That's the way I was seeing the Clatchen case, and that's kind of the administrative power that I think the Bankruptcy Court has. I don't understand Mr. Kidwell's point about being able to, if the Court is asking could they amend that claim again? Or could you ask for it to be reconsidered? I suppose anyone could be asked for it to be reconsidered, and my response would be the same as it is here today, that there was an agreement that it was resolved and settled. So I'm not sure I can reconcile that with the cases that you're referring to, but I'm just operating on the assumption that a claim is deemed allowed when the objection is withdrawn, and that's the end of the claims. When you objected to Claim 11, you didn't object it was res judicata already litigated. You didn't object that it was settled and therefore should be barred. Isn't that correct? If you thought those were valid arguments against Claim 11, why didn't you raise those in the objection to Claim 11? I raised some of those claims, not all of them. I would have to actually look at how it was itemized in there, but that was actually, that was a central thought of my response to Claim 11, because the way I asked the bankruptcy judge and I'm asking the Court here today is that the nexus of facts or the transactions or series of transactions that went on is the period of their cohabitation. So are you saying that Claim 11 is barred by the settlement you entered into with respect to Claim 7? Correct. But don't you think that Claim 11 involves a different set of facts than Claim 7? No. My position is that this is a cohabitation arrangement that was obviously plagued by domestic abuse, allegations, there were property issues, there were charges on criminal damage to my client's property, all of those things. So that was all going on in their relationship. But Mr. Chamb, even if all this is going on, you've got Claim 7, which if I recall writes an insurance check, the check for the tooth and credit card charges and the IRA. I think it's possible, you can tell me why I'm wrong, that you could have a trial and decide Claim Number 7 without ever mentioning the facts and evidence that would be needed to prove Claim Number 11. Why is that not true? I think the question is posing the premise that their cohabitation relationship, all aspects of it, the financial, the domestic abuse, all of that was kind of the universe of which claims could arise from. I think that's what was in Judge Tonneby's head too. There was a relationship. I mean, he had several opportunities at the State District Court level to make his own claims of domestic abuse. He never denied the domestic abuse allegations against him. And then we were in court, in bankruptcy court, litigating those claim issues and none of that was brought up either. So I suppose in theory, he could keep bringing claims on and on and on. He could come up with something else that would be an entitlement. So I think there has to be, you have your opportunity to be in court. Your domestic cohabitation relationship is before the court. You're discussing claims that are being made against you. You should be bringing those claims in. And I think that's where we're coming from in terms of the judge having the authority to decide essentially. One way to look at it, he's saying, you know, you had your opportunity to bring these claims and you didn't. And they were part of the relationship. So therefore, I'm going to uphold the objection to the claim. How is it appropriate for a judge to take judicial notice under federal rule of evidence 201 without giving the opposing party an opportunity to be heard on that, which is one of the things that the bankruptcy court did here? Yeah, I think in all candor, I think that's a fair point. I don't know, well, she cites a case, obviously, I don't know what she looked at. I was, I'm sure just as surprised as Mr. Kidwell was when we read that in the MDO, obviously. There was not an opportunity for either of us. The decision was made. So I don't have a good answer to that. I know that she has the authority to do it. Whether she had a misstep procedurally in providing, you know, fair play here for both sides to weigh in on it, that's a question I don't know the answer to. Before we're talking about the orders, should the bankruptcy court have made a distinction that that September 2014 order was changed from a domestic abuse no contact order to just a no contact order? Could you ask that again, please? Should the bankruptcy court, the order that was entered the September 2014, I think it was Exhibit A to the objection, was, it was initially said it was a domestic abuse no contact order, but then the domestic abuse part was lined out, so it just became a no contact order. Does that change how the bankruptcy court should have looked at that order? I don't think so, because the way that these cases work in state district court is you will have automatically, if there's a criminal charge of domestic abuse, there's automatically going to be issued a DANCO, all right? And if there isn't a charge or the charge is pled down or pled to something else, then they change it to strictly a no contact order, which is more akin to a civil order for protection, because we had all of those things going on in the district court. There were several cases, and we're only seeing a small part of those. I never thought when we were objecting to the claim that it would place the significant role it has here, but it is a pretty significant role. So I don't really see that as a problem. It's a nomenclature thing, and it's tied to either the civil part of it. Okay. So it does seem like because the domestic abuse part, it kind of plays down that order at the end, that maybe it's not so much domestic abuse, but more just they need to have no contact with each other. Right. And another possibility that that came from was negotiations that occurred at the hearing before the judge rendered a decision, because when they do these, when a person that has a order for protection against them, he has the option of denying it and having a trial, admitting it, which few do, and then neither admit nor deny, but be treated as if there were domestic abuse. And I think that's one of the important points, too, because there was — it wasn't something he was denying in addition to not bringing his own claims for domestic abuse. He claims occurred during the relationship, too. Isn't that part of the problem, though, with the judge raising this on her own? I have no doubt that what you're saying about how it works in Minnesota State court is true, but none of that's in the record on appeal. None of that apparently was explored before the bankruptcy court. How do we overcome that, what appears to be an error in due process? That's a very good question. I wish I had a very good answer for you, but I don't know that I do, other than, I mean, the records existed. They were available for me to see. They were available for Mr. Kidwell to see. I mean, that's the whole notion of judicial notice is that it's a public record. I don't know the answer to the question of whether that would be reversible error in and of itself and whether that would be sufficient to justify overturning her decision. I want to leave that aside for a minute and make sure we have an opportunity to talk about the personal injury tort issue. If we leave aside the legal defenses, which the bankruptcy court found determinative here, the claim 11 included assault and battery. Wouldn't you admit or concede those are personal injury torts? That included what? The assault and battery. Out of the five count draft complaint attached to claim 11, there was an assault count, there was a battery count, a domestic abuse, I forget the other two. But assault and battery, those are classic personal injury torts, correct? I would agree with that. That would be an injury to the person, although the strict, strict, narrow people talk about slips and falls and car accidents and that sort of thing. But for purposes of our discussion here today, how I approach that is I looked at the complaint. All right? And that is the only evidence that was before the bankruptcy court. That's the only evidence that's part of the record. And we know, we all understand notice pleading. We don't have to plead every single fact in a complaint. But we do have to avoid conclusory allegations. And there's no specificity other than one word. Assault, battery, we don't know how, we don't know when. Just to allege those, I would submit is a conclusory claim, not giving the defendant sufficient notice to understand what the claim actually consists of. Isn't that a reason to say this should have been shipped up to the district court so that the pleading standards, and you went to law school a long time ago like I did and learned notice pleading, but it's not notice pleading anymore. It's a fall and thumbly plausible claim. But isn't that exactly a reason why this should be shipped back and go up to the district court to explore those types of issues? Yeah, but the way I'm looking at it is he has a burden to meet in making the claim. And he has to establish that he has a personal bodily injury under the statute. And I'm saying with the conclusory allegations, he's failing to meet that. So that's why it doesn't fit within the definition of the personal injury torts. So you're saying just to be clear, the pleading standards apply to the filing of a proof of claim. And the creditor here would have had to have done something more to file the claim to have it deemed allowed? Is that what you're saying? That's what I'm saying because there's nothing else. He talks about therapy records. He talks about conversations with the therapist and all of these things, but we don't have any of that. I mean, contrast that with somebody that's making an economic tort claim. They're going to have receipts. They're going to have statements, all of this stuff. All we've got is just this allegation that this is my claim. The rules of pleading obviously are applied if they were to bring it in the federal district court, obviously. But he has some burden here. And that's my argument, that he's not making it with respect to the physical things. And then I guess I'm out of time. You can finish your point. I'll just finish with the other part of the definition of physical injury tort. He kept using the word psychological. That's not what the case law says. The case law talks about severe psychiatric impairment or something along those lines. We again have some pretty vague allegations. I mean, insomnia, things like that. There's no allegation that he's been under the care of psychiatrists. Thank you. We understand the point. Okay. Very good. Thank you. Thank you, Mr. Tim. All right, Mr. Kidwell, our questions eat into your rebuttal. We'd be happy to give you a minute. Then I will be brief. My co-counsel is flatly wrong when he tells the court that there was no specificity in the pleadings. The complaint attached to Proof of Claim 11 says my client was punched, his hair was pulled, and he was sexually assaulted. That's adequate for purposes of Supreme Court precedent on pleading. Secondly, this issue of domestic abuse. First of all, my co-counsel just told the court that my client never denied committing domestic abuse. There's nothing, no citation to the record for that claim because, again, it is false. Secondly, the debtor filed schedules in her bankruptcy case in which she was asked if she had claims against any third parties, whether filed or unfiled, and under oath she said no. So her subsequent allegations that she's got this parade of misconduct that my client is alleged to have committed and that she is alleged to have suffered, which never once resulted in a finding of domestic abuse or an admission of domestic  So I think the court should be able to look at these allegations and recognize that this is a case that needs to be resolved if an objection is to continue at the district court. Thank you, Mr. Kitwell.